UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| SERVICIOS LATINOS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LUIS G. AMADO GOMEZ, ) <br> ) <br> ENITH PERTUZ FONTALVO, ) <br> ) <br> CARLOS SANCHEZ, ) <br> ) <br> and ) <br> ) <br> LATINOS MULTISERVICES, INC. ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:24-cv-182 |

**DEFENDANTS CARLOS SANCHEZ AND LATINOS MULTISERVICES, INC.'S
MEMORANDUM IN SUPPORT OF THEIR RULE 12(b)(2)
MOTION TO DISMISS**

Plaintiff Servicios Latinos, Inc. ("SLI") initiated litigation against Defendants Carlos Sanchez ("Sanchez") and Latinos Multiservices, Inc. ("LMI") where that litigation never belonged: in this Court, which has no personal jurisdiction over either of them. SLI does not even allege this Court has personal jurisdiction over Sanchez or LMI, and nothing else in the Complaint remotely suggests Sanchez or LMI engaged in any conduct that would subject them to this Court's personal jurisdiction. Neither Sanchez nor LMI are residents of Virginia. Neither of them owns property in Virginia. Neither of them conducts business or other transactions in Virginia. Neither of them was even aware that SLI was a Virginia corporation in the first place, which forecloses the possibility that either of them could have directed any tortious conduct to Virginia. And the Complaint is clear that all the alleged relevant conduct took place in Delaware,

1

not Virginia. At bottom, this district is not the correct place for SLI's lawsuit against Defendants to occur, and accordingly, this Court should dismiss the Complaint as to them with prejudice.

## LEGAL STANDARD

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). To meet its burden, the plaintiff "must make a prima facie showing of a sufficient jurisdictional basis to survive a motion to dismiss." *New Venture Holdings, L.L.C. v. DeVito Verdi, Inc.*, 376 F. Supp. 3d 683, 689 (E.D. Va. 2019). In determining whether a plaintiff has made that showing, a court may "consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction." *Hawkins v. i-TV Digitális Távközlési zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). Nonetheless, where, as here, the defendant "provides evidence which denies facts essential for jurisdiction, the plaintiff must, under threat of dismissal, present sufficient evidence to create a factual dispute on each jurisdictional element which has been denied by the defendant on which the defendant has presented evidence." *New Venture Holdings*, 376 F. Supp. 3d at 689 (citations and internal quotation marks omitted); *see also Reynolds Foil, Inc. v. Pai*, 2010 U.S. Dist. LEXIS 28473, at *4-5 (E.D. Va. Mar. 25, 2010) ("[T]he reviewing court may presume that any uncontradicted evidence submitted by either party is true." (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 477-78 (1985))). "[A] plaintiff cannot rely on bare pleadings alone after a defendant properly challenges personal jurisdiction." *Gibbs v. Elevate Credit, Inc.*, 2021 U.S. Dist. LEXIS 200197, at *28 (E.D. Va. Oct. 17, 2021) (citation and internal quotation marks omitted). "Instead, the

plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits and competent evidence . . . [and] must respond with actual proofs, not mere allegations." *Id.* (citation and internal quotation marks omitted).

"A federal district court may only exercise personal jurisdiction over a foreign [defendant] if such jurisdiction is authorized by the long-arm statute of the state in which it sits and application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). "Because Virginia's long-arm statute is intended to extend personal jurisdiction to the extent permissible under the due process clause, the statutory inquiry merges with the constitutional inquiry." *Id.*; *see also Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 319 (1999) ("[I]t is manifest that the purpose of Virginia's long arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this State to the extent permissible under the due process clause." (quoting *John G. Kolbe, Inc. v. Chromodern Chair Co., Inc.*, 211 Va. 736, 740 (1971))).

Due process requires that in order to find personal jurisdiction over a defendant in the forum state, the defendant must have sufficient "minimum contacts" with the forum state "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "There are two types of personal jurisdiction: general and specific." *Crawl Space Door Sys. v. White & Williams, LLP*, 2022 U.S. Dist. LEXIS 212019, at *5 (E.D. Va. Nov. 22, 2022). To establish general jurisdiction over a defendant, a plaintiff must show that the defendant's contacts with the forum state are so "continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

By contrast, "[e]stablishing specific jurisdiction is less burdensome but extends over conduct which connects the defendant to the [forum] state." *Crawl Space*, 2022 U.S. Dist. LEXIS 212019, at *5. "The Fourth Circuit has synthesized the specific jurisdiction inquiry to a three-part test[.]" *Id.* Under that three-part test, courts consider "(1) the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (quoting *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 216 (4th Cir. 2001)).

## ARGUMENT

Plaintiff Servicios Latinos, Inc. ("SLI") cannot establish that Sanchez or LMI are subject to this Court's personal jurisdiction. In fact, SLI failed to even allege in its Complaint that this Court has personal jurisdiction over Sanchez or LMI. The only personal jurisdictional allegation SLI brings is in paragraph 7 of its Complaint, where it cites a permissive forum selection clause found in non-compete and non-solicitation agreements between SLI and other Defendants, Luis G. Amado Gomez and Enith Pertuz Fontalvo (the "NCAs"). ECF No. 1, ¶ 7. But neither Sanchez nor LMI are parties to NCAs, so the NCAs' forum selection clauses are irrelevant to whether this Court has personal jurisdiction over them.

Nothing else in the Complaint supports a finding of personal jurisdiction either. For one thing, Sanchez is a resident of Delaware, and LMI is a Delaware corporation with its principal place of business in Delaware. *See* ECF No. 1, ¶¶ 6, 22, 27. Moreover, neither Sanchez nor LMI owns property in Virginia or conducts business or other transactions in Virginia. *See* Attachment 1, Declaration of Carlos Sanchez, ¶¶ 3-4; Attachment 2, Declaration of Enith Pertuz Fontalvo, ¶¶

4

3-5. Accordingly, there is no basis to find general personal jurisdiction. *Goodyear*, 564 U.S. at 924 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]"); *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (stating that a corporation's paradigm forums for general jurisdiction are "the place of incorporation and principal place of business"); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997) (stating that general jurisdiction may be found in forum outside a defendant's domicile only if his activities in the forum state are "continuous and systematic" (quoting *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 414-15 (1984))).

For another thing, there is no basis to find specific jurisdiction, as Sanchez and LMI did not purposefully avail themselves of the privilege of conducting activities in Virginia. Indeed, SLI does not allege those two did *anything* in Virginia at all. To the contrary, SLI's allegations are clear that all of the relevant conduct took place in Delaware—*i.e.*, that Gomez and Fontalvo breached their NCAs by allegedly "stealing" SLI's clients and business information in Delaware and operating a "competing" business in Delaware and, critical here, that Sanchez and LMI "tortiously interfered" with the NCAs by "inducing and causing" Gomez and Fontalvo to engage in that unlawful conduct in Delaware. *See* ECF No. 1, ¶¶ 2, 19-29, 47.

In the absence of any allegation that Defendants engaged in unlawful conduct in Virginia, SLI must offer sufficient evidence that Defendants "intentionally directed [their] tortious conduct toward the forum state, knowing that [their] conduct would cause harm to a forum resident." *Khashoggi v. NSO Grp. Techs. Ltd.*, 2023 U.S. Dist. LEXIS 192466, at *20 (E.D. Va. Oct. 26, 2023) (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). SLI cannot do so. Its Complaint is clear that all of the Defendants' conduct occurred in Delaware for the alleged purpose of establishing a competitive business within Delaware. Furthermore, as shown by Sanchez and

Fontalvo's respective Declarations,[1] neither Sanchez nor LMI even knew SLI was a Virginia corporation to begin with. *See* Attachment 1, Declaration of Carlos Sanchez, ¶ 6; Attachment 2, Declaration of Enith Pertuz Fontalvo, ¶¶ 7-8. Thus, there is simply no basis to find that Sanchez or LMI could have "intentionally directed" tortious conduct toward Virginia "knowing" that their conduct "would cause harm" in Virginia. *See Khashoggi*, 2023 U.S. Dist. LEXIS 192466, at *20; *see also JTH Tax v. Liberty Servs. Title, Inc.*, 543 F. Supp. 2d 504, 508 (E.D. Va. 2008) (finding lack of personal jurisdiction where defendant had no contacts with forum state other than the knowledge that its alleged unlawful conduct "might impact" the pecuniary interests of the plaintiff who "happen[ed] to be based in Virginia").

Given all this, the only thing SLI is left with is the argument that Defendants should be subject to this Court's personal jurisdiction because SLI suffered damages in Virginia. But that too would be insufficient, as "mere injury to a forum resident is not a sufficient connection to the forum" so as to support finding of personal jurisdiction over a defendant. *Walden v. Fiore*, 571 U.S. 277, 290 (2014). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* And as has been shown, neither Sanchez nor LMI's alleged conduct connects them to Virginia in any meaningful way.

In short, this Court does not have personal jurisdiction over Sanchez or LMI, whether viewed from a general jurisdiction or specific jurisdiction analysis. Sanchez and LMI are not citizens of Virginia, do not own property or conduct transactions in Virginia, and did not engage in any conduct in Virginia or elsewhere that would have led them to reasonably foresee being sued

---

[1] Fontalvo made her Declaration on behalf of LMI as owner and Vice President of LMI.

in Virginia. Accordingly, SLI's action against Sanchez and LMI cannot be allowed to move forward in this Court.

## CONCLUSION

Sanchez and LMI should never have been sued here in this first place, as neither party is subject to this Court's personal jurisdiction. For that reason, Sanchez and LMI respectfully request that this Court grant their Rule 12(b)(2) motion to dismiss and dismiss Plaintiff's Complaint as to them *with* prejudice.

Respectfully Submitted,

**CARLOS SANCHEZ AND LATINOS MULTISERVICES, INC.**


By:  */s/ Nathan M. Hernandez*
　　　　Of Counsel

Nathan M. Hernandez (VSB No. 95817)
DAVIS, BURCH & ABRAMS
555 Belaire Avenue, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
Fax: (757) 257-8614
nathan.hernandez@davisba.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 30th day of April 2024, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Richard H. Ottinger (VSB No. 38842)
Katherine M. Lennon (VSB No. 92358)
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
Tel:  (757) 446-8600
richard.ottinger@wrvblaw.com
kate.lennon@wrvblaw.com
*Counsel for Plaintiff*

                   */s/ Nathan M. Hernandez*