**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| **SERVICIOS LATINOS, INC.,**<br><br>**Plaintiff/Counterclaim Defendant,**<br><br>**v.**<br><br>**LUIS G. AMADO GOMEZ,**<br><br>**Defendant/Counterclaim Plaintiff,**<br><br>**ENITH PERTUZ FONTALVO,**<br><br>**CARLOS SANCHEZ,**<br><br>**and**<br><br>**LATINOS MULTISERVICES, INC.,**<br><br>**Defendants.** | **Case No.: 2:24-cv-182** |

**LUIS G. AMADO GOMEZ'S OPPOSITION TO SERVICIOS LATINOS, INC.'S "MOTION TO DISMISS" COUNT II OF GOMEZ'S THIRD AMENDED COUNTERCLAIM**

Counterclaim Defendant Servicios Latinos, Inc. ("SLI") moves to dismiss Counterclaim Plaintiff Luis G. Amado Gomez's Title VII hostile work environment claim. SLI avers Gomez's claim is time-barred under 42 U.S.C. § 2000e-5(e)(1)'s statute of limitations because, in SLI's view, Gomez did not timely file a charge with the United States Equal Employment Opportunity Commission (the "EEOC") before filing his claim in this Court.

SLI's motion is procedurally improper and substantively lacking. On the procedural front, SLI pursues a dual motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. A Rule 12(b)(1) motion is improper, however, because the Supreme Court has long made clear that the timely filing of an EEOC

discrimination charge is not a jurisdictional prerequisite to filing a civil action in this Court but rather is a non-jurisdictional claims-processing requirement. Likewise, a Rule 12(b)(6) motion is improper because SLI is forced to rely on facts outside the face of Gomez's Third Amended Counterclaim to support its argument that Gomez's Title VII claim is time-barred. Accordingly, SLI's Rule 12(b)(6) motion must be construed as a summary judgment motion.

When properly construed as a summary judgment motion, this Court will find that SLI's statute of limitations argument is without merit. Citing 42 U.S.C. § 2000e-5(e)(1), SLI contends Gomez was required to file an EEOC charge within 180 days of the last day SLI's discriminatory conduct took place unless he first filed a discrimination charge with the Virginia Office of Civil Rights (the "VOCR")—which would have provided him an extra 120 days to file in the EEOC (*i.e.*, 300 days total). According to SLI, Gomez did not file a charge with the VOCR, and because his EEOC charge was filed 276 days after the last date SLI's discriminatory conduct took place, his Title VII claim is time barred under 42 U.S.C. § 2000e-5(e)(1).

While SLI's argument tracks the relevant statutory language, it misunderstands how the statute functions in everyday employment discrimination practice in Virginia and, by extension, why Gomez was entitled to a 300-day window rather than a 180-day window. For many years, the EEOC and VOCR have had a worksharing agreement under which any claim filed in the EEOC is automatically deemed as having been filed in the VOCR also. Well established law from the Fourth Circuit and this Court has upheld the validity of that worksharing relationship and has equally made clear that, as long as that worksharing relationship is intact, employees who allege discriminatory conduct in Virginia are afforded 300 days to file charges in the EEOC. Because SLI concedes Gomez filed his EEOC charge within that 300-day window, Gomez's charge was timely, and SLI's motion should be denied.

## RELEVANT BACKGROUND

1. Gomez's counsel filed a Charge of Discrimination in the EEOC's public portal on July 18, 2024.

2. Gomez signed the Charge of Discrimination (EEOC Form 5) on July 22, 2024, which is the date the EEOC considered Gomez's charge as having been filed. **Exhibit 1**, Charge of Discrimination; **Exhibit 2**, Attached Statement of Luis G. Amado Gomez. That is also the date SLI concedes Gomez filed his EEOC charge. ECF No. 60, p. 2 ("On July 22, 2024, Mr. Gomez filed a charge with the [EEOC] . . . .").

3. In the EEOC charge, Gomez stated "I want this charge filed with both the EEOC and the State or local Agency, if any." Ex. 1, p. 2.

4. On June 17, 2025, the EEOC issued a Determination of Charge, which stated, among other things, that

> [t]he EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of [Title VII]. This does not mean the claims have no merit. This determination does not certify that [SLI] is in compliance with [Title VII]. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

**Exhibit 3**, Determination of Charge, p. 1.

5. Gomez's EEOC charge was processed by the EEOC's Norfolk Office. *See* Ex. 3, p. 1. (identifying "Norfolk Local Office").

6. This Court may take judicial notice of the fact that the EEOC's Norfolk Office is part of the EEOC's Charlotte District Office. *See* U.S. Equal Employment Opportunity Commission, *EEOC Field Offices*, https://www.eeoc.gov/field-office (last visited September 17, 2025); Fed. R. Evid. 201(b)(1) ("The court may judicially notice a fact that is not subject to

reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

## LEGAL STANDARD

Summary judgment is not appropriate unless "the movant shows that there is no genuine dispute as to any material fact and the movant it entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). A fact is material if "its existence or non-existence would affect disposition of the case under applicable law." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). In conducting this review, a court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

"The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact." *Wai Man Tom*, 980 F.3d at 1037. Once the movant satisfies that obligation, the burden shifts to the non-moving party to "present sufficient facts that demonstrate a genuine dispute for trial[.]" *Banks v. Brown*, No. 1:21-cv-21, 2024 U.S. Dist. LEXIS 35846, at *4 (E.D. Va. Feb. 29, 2024).

## ARGUMENT

### A. SLI's Rule 12(b)(1) Motion to Dismiss is Improper.

Insofar as SLI's motion is made pursuant to Rule 12(b)(1), SLI avers that this Court lacks subject matter jurisdiction over Gomez's Title VII claim because that claim is time-barred under

42 U.S.C. § 2000e-5. Notably, SLI does not assert that Gomez failed to file a charge with the EEOC before filing a Title VII claim in this Court. Nor does SLI assert that Gomez's Title VII claim is different in subject matter from the charge he brought in the EEOC (and that the EEOC spent almost a year investigating). Instead, the crux of SLI's argument is that Gomez failed to file his charge within 180 days of the last day SLI's discriminatory conduct took place.

However, in *Zipes v. Trans World Airlines, Inc.*—a case SLI inexplicably ignores—the Supreme Court made clear that "filing a timely charge of discrimination with the EEOC is ***not a jurisdictional prerequisite*** to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (emphasis added); *see also Fort Bend County, Texas v. Davis*, 587 U.S. 541, 552 (2019) ("A rule may be mandatory without being jurisdictional, ***and Title VII's charge-filing requirement fits that bill***.") (emphasis added). Therefore, SLI's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is an improper vehicle to address SLI's timeliness arguments and should be denied.

**B. SLI's 12(b)(6) Motion to Dismiss is Also Improper and Must be Converted to a Summary Judgment Motion.**

SLI also invokes Rule 12(b)(6) in pursuit of its statute of limitations argument. However, SLI does not (and cannot) point to a single allegation in the Third Amended Counterclaim by which this Court could determine whether Gomez's Title VII claim is time-barred. Instead, SLI relies on outside evidence—which SLI attached as exhibits to its motion—and explicitly invites this Court to consider that evidence in deciding whether to dismiss Gomez's Title VII claim.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency ***of a complaint***; importantly, ***it does not resolve contests surrounding the facts***, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 951 (4th Cir. 1992) (emphasis

added). Where, as here, a party's Rule 12(b)(6) motion to dismiss requires a court to consider matters outside the pleadings, the court should convert the motion to a motion for summary judgment. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007) ("[W]e find that the district court's consideration of matters outside the pleadings did convert [the] Rule 12(b)(6) motion into a Rule 56 motion for summary judgment."); *id.* ("It is well settled that district courts may convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, allowing them to assess whether genuine issues of material fact do indeed exist.").

Because SLI's statute of limitations argument is based on outside evidence SLI brought to this Court's attention rather than on anything stated in the Third Amended Counterclaim itself, a Rule 12(b)(6) motion is not the proper vehicle to request dismissal of Gomez's Title VII claim. Accordingly, this Court should convert SLI's motion to a summary judgment motion under Rule 56.

**C. Gomez Timely Filed His EEOC Charge.**

In arguing that Gomez's claim is time-barred, SLI relies principally on the language of Title VII's statute of limitations for filing administrative charges with the EEOC, which is found in 42 U.S.C. § 2000e-5(e)(1). As SLI points out,

> 42 U.S.C. § 2000e-5 requires an employee to file a charge within 180 days after the alleged unlawful employment practice occurred. The statute provides an exception for cases in which the employee "has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice," in which case the charge must be filed within 300 days after the unlawful employment practice occurred or within 30 days after receiving notice of termination from the state or local agency, whichever is earlier.

ECF No. 60, p. 5 (quoting 42 U.S.C. § 2000e-5(e)(1)).

On its face, there's nothing objectionable about SLI's reading of the statute—Title VII does require employees to file in state agencies to get the benefit of the 300-day statute of limitations. The problem is that SLI misunderstands the inner-workings of the EEOC and VOCR's relationship, the facts of this case, and how each show Gomez ***did*** file a claim with the VOCR such that he was entitled to 42 U.S.C. § 2000e-5(e)(1)'s 300-day filing deadline.

Because many State and local laws prohibit the same discriminatory conduct proscribed by Title VII, and given the complex operation of 42 U.S.C. § 2000e-5's various filing deadlines (which largely depend on the actions of government agents), there has always been a perceivable risk that employees with meritorious claims could have those claims dismissed as time-barred as a result of "a bureaucratic mix-up." *Cf. EEOC v. Techalloy Maryland, Inc.*, 894 F.2d 676, 679 (4th Cir. 1990). In the face of this risk, "Congress empowered the EEOC to enter into worksharing agreements" with state and local agencies who enforce their own employment discrimination laws. *Puryear v. County of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) (citing 42 U.S.C. §§ 2000e-4(g)(1), 2000e-8(b)). And the purpose of those worksharing agreements is to "coordinate the efficient resolution of employment discrimination charges between the two agencies" and to establish "streamlined procedures for receiving filings, processing charges, exchanging information, and resolving claims between the two agencies." *See Bolinsky v. Carter Machinery Co., Inc.*, 69 F. Supp. 2d 842, 845 (W.D. Va. 1999).

The EEOC and the VOCR—and before the VOCR, the Virginia Council of Human Rights—have long had worksharing agreements in place. *See Morris v. Waste Mgmt. of Virginia, Inc.*, 71 F. Supp. 2d 537, 539 (E.D. Va. 1999). For the year 2024—*i.e.*, the year Gomez filed his EEOC charge—the EEOC and VOCR were parties to a worksharing agreement given the "recognition of . . . the common jurisdiction and goals of the two Agencies, and . . . to provide

individuals with an efficient procedure for obtaining redress for their grievances under appropriate Commonwealth of Virginia and Federal laws." **Exhibit 4**, 2024 EEOC-VOCR Worksharing Agreement, p. 2, § I(B). Section II(A) of the 2024 Worksharing Agreement provides as follows:

> In order to facilitate the assertion of employment rights, the EEOC and the FEPA ***each designate the other as its agent for the purpose of receiving and drafting charges***, including those that are not jurisdictional with the agency that initially receives the charges. ***The EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purposes of Section 706(c) and (e)(1) of Title VII***.

Ex. 4, p. 2, § II(A) (emphasis added).

The Fourth Circuit has held that when the EEOC and a State agency are parties to a worksharing agreement containing language like this, "a plaintiff, by filing charges with the EEOC, thereby commences proceedings with both the [State agency] and the EEOC." *Puryear*, 214 F.3d at 519; *see also Hairston v. Nilit America, Inc.*, No. 4:23-cv-00011, 2023 WL 8011089, at *1, *3-5 (W.D. Va. Nov. 20, 2023) (holding that, in light of operative provisions of a worksharing agreement, an employee initiated proceedings in the VOCR by the mere act of filing a charge in EEOC and that it was immaterial that the VOCR had no record of receiving, reviewing, or processing the EEOC charge). That, by extension, means that a plaintiff who files an EEOC charge in a jurisdiction with an applicable worksharing agreement between the EEOC and the relevant State or local agency has 300 days from the last day the alleged discrimination took place to file the EEOC charge. *EEOC v. Circuit City Stores, Inc.*, 394 F. Supp. 2d 747, 749 (M.D.N.C. 2005) ("If the EEOC and local FEP agency have a 'worksharing' agreement, the filing period is 300 days.") (citing *EEOC v. Commercial Office Prods.*, 486 U.S. 107, 125 (1988)).[1]

---

[1] These observations show why the *Meyer* and *Sales* cases SLI cites are inapposite. In *Meyer*, the court made passing reference to a worksharing agreement analyzed in another case, 57 F. Supp. 2d 303, 305 (E.D. Va. 1999), but the court gave no analysis of any worksharing agreement

Given the longstanding nature of the EEOC and VOCR's worksharing relationship, the Fourth Circuit and this Court have (justifiably) taken it as a given that Title VII charges are automatically subject to a 300-day filing deadline rather than a 180-day filing deadline. *See*, *e.g.*, *Munive v. Fairfax County Sch. Board*, 700 F. App'x 288, 289-90 (4th Cir. 2017) (stating that "[i]n the case of a state, such as Virginia, that has a deferral agency, the plaintiff must file her EEOC charge within 300 days of the alleged discriminatory act"); *Edwards v. Murphy-Brown, LLC*, 760 F. Supp. 2d 607, 619 (2011) ("Because Virginia has a state deferral agency, it is known as a 'deferral state' . . . . As such, an employee challenging an employment practice of an employer in Virginia has 300 days from the last date of alleged discrimination to file a charge with the EEOC.") (citing *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002)); *Bland v. Fairfax County*, 799 F. Supp. 609, 611 (E.D. Va. 2011) ("Because Virginia is a 'deferral state,' . . . where, as here, an employee challenges an employment practice in Virginia, he or she has 300 days from the last date of alleged discrimination to file a charge with the EEOC."); *Johnson v. Portfolio Recovery Associates, LLC*, 682 F. Supp. 2d 560, 584 (E.D. Va. 2009) ("[A] charge must be filed with the

---

that may have been in effect when *Meyer* was decided or how such worksharing agreement would have impacted the court's statute of limitations analysis. *See generally id.* Likewise, in *Sales*, the court acknowledged that the employee there did not argue that she "dual-filed a complaint or charge with Virginia" (as Gomez does here). *Sales v. Booz Allen & Hamilton, Inc.*, No. 1:23-cv-1621, 2025 WL 242534, at *3 n.4 (E.D. Va. Jan. 16, 2025). In other words, because the *Sales* court was not presented with the argument that a worksharing agreement rendered the employee's EEOC charge automatically dual-filed with the VOCR as well, the *Sales* Court did not have the occasion to rule that the employee was entitled to a 300-day statute of limitations. *See id.*

But even assuming, for the sake of argument, that *Meyer* and *Sales* support SLI's position, this Court should reject those authorities for the simple reason that they are squarely at odds with the Fourth Circuit's binding precedent in *Puryear* discussed above, as well as other law from the Fourth Circuit and this Court discussed elsewhere in this memorandum. *Cf. Blair v. Colonnas Shipyard, Inc.*, 52 F. Supp. 2d 687, 697 (E.D. Va. 1999) (questioning whether "the *Meyer* decision correctly interpreted 42 U.S.C. § 2000e-5(e)(1)" and whether the decision "conflicts with" prior EDVA precedent given that "this District has repeatedly held that the existence of the [VOCR] triggers the more generous 300-day filing period").

EEOC within 180 days of any unlawful employment practice or 300 days in states where there is an agency with authority to grant or seek relief from any such practices. Virginia has its own enforcement agency; therefore, the charge must be filed within 300 days after the alleged unlawful employment practice occurred.") (citations and internal quotation marks omitted); *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796 (E.D. Va. 2007) ("In a 'deferral' state like Virginia, [a] charge must be filed no later than three hundred (300) days after the alleged unlawful practice occurred.") (citations and internal quotation marks omitted); *Connolly v. Mills Corp.*, 430 F. Supp. 2d 553, 557 (E.D. Va. 2006) ("Because Virginia is a deferral state, victims of discrimination in Virginia have 300 days to file a claim with the EEOC."); *Jones v. Virginia Dep't of Soc. Servs.*, No. 1:18-cv-380, 2019 WL 13295852, at *1 (E.D. Va. Mar. 14, 2019) (requiring plaintiff to "demonstrate he filed his EEOC charge within 300 days of when the alleged discriminatory actions took place" because "Virginia has a state deferral agency").[2]

The facts here fit squarely within that settled framework. By virtue of the EEOC and VOCR's 2024 Worksharing Agreement, when Gomez filed his charge with the EEOC, he automatically initiated proceedings in the VOCR as well, and the EEOC was authorized to act as the VOCR's agent in handling the charge on the VOCR's behalf. That afforded Gomez the 300-day statute of limitations period provided by 42 U.S.C. § 2000e-5(e)(1). Given that, and because

[2] That is also likely why the EEOC states on its public informational website that "[t]he 180 calendar day filing deadline is extended to 300 calendar days if a state or local agency enforces a law that prohibits employment discrimination on the same basis" and says nothing about being required to first initiate a separate filing with the state or local agency. U.S. Equal Employment Opportunity Commission, *Time Limits for Filing a Charge*, https://www.eeoc.gov/time-limits-filing-charge (last visited September 17, 2025). The undersigned is not aware of any state or local jurisdiction that prohibits the same discriminatory conduct as Title VII that does not have a worksharing agreement with the EEOC.

SLI concedes Gomez filed his EEOC charge 276 days after the last day SLI's discriminatory conduct occurred,[3] Gomez's EEOC charge was timely.

**CONCLUSION**

For the foregoing reasons, Gomez respectfully requests that this Court convert SLI's motion to dismiss into a Rule 56 motion for summary judgment and deny SLI's motion.

Respectfully Submitted,

**LUIS G. AMADO GOMEZ**

By: */s/ Nathan M. Hernandez*
Of Counsel

Nathan M. Hernandez (VSB No. 95817)
DAVIS, BURCH & ABRAMS

---

[3] Because Gomez's Title VII claim is one for sex discrimination via hostile work environment, it is subject to a continuing violation theory of liability, which allows this Court to consider discriminatory conduct that took place outside the 300-day statutory window so long as at least one act contributing to the hostile work environment took place within the 300-day statutory window:

> A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice," and the Supreme Court has held that such claims are subject to a "continuing violation" theory: "In determining whether an actionable hostile work environment claim exists, we look to all the circumstances, and provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for purposes of determining liability." In other words, even if most of the harassing conduct on which a plaintiff relies to establish her hostile work environment claim occurred outside the statutory period, the claim will be considered timely if at least one act continuing the violation occurred within the statutory period. Furthermore, the plaintiff may recover for all of the harm resulting from the hostile work environment, not just those contributing acts that occurred during the statutory period.

*Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 221-22 (4th Cir. 2016) (quoting *Nat'l R.R. Corp v. Morgan*, 536 U.S. 101, 116-17, 119 (2002)) (emphasis added).

555 Belaire Avenue, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
Fax: (757) 257-8614
nathan.hernandez@davisba.com
*Counsel for Luis G. Amado Gomez*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September 2025, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of the filing to:

Richard H. Ottinger (VSB No. 38842)
Katherine M. Lennon Ellis (VSB No. 92358)
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
Tel: (757) 446-8600
richard.ottinger@woodsrogers.com
kate.lennon@woodsrogers.com
*Counsel for Servicios Latinos, Inc.*

*/s/ Nathan M. Hernandez*