IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SERVICIOS LATINOS, INC.,

      Plaintiff,

v.                                            CIVIL ACTION NO. 2:24-cv-182

LUIS G. AMADO GOMEZ, *et al.*,

      Defendants.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff/Counterclaim Defendant Servicios Latinos, Inc.'s ("Counterclaim Defendant" or "SLI") Motion to Dismiss Count II of Defendant/Counterclaim Plaintiff's Third Amended Counterclaim pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6). ECF No. 59 ("Mot. Dismiss"). Counterclaim Defendant filed a Memorandum in Support of the Motion. ECF No. 60 ("Mem. Supp."). Defendant/Counterclaim Plaintiff Luis G. Amado Gomez ("Counterclaim Plaintiff" or "Gomez") filed a Response in Opposition. ECF No. 63 ("Resp. Opp'n"). Counterclaim Defendant filed a Reply. ECF No. 64 ("Reply"). The Court has considered the parties' memoranda, and this matter is now ripe for judicial determination. Upon review, the Court finds that a hearing is not necessary. *See* Va. Local Civ. R. 7(J). For the reasons stated herein, Counterclaim Defendant's Motion to Dismiss Count II of the Third Amended Complaint is **GRANTED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On March 20, 2024, Servicios Latinos, Inc. ("Servicios" or "SLI") filed a Complaint alleging 1) breach of contract against Gomez and Fontalvo; 2) breach of duty of loyalty against Gomez and Fontalvo; and 3) tortious interference with contract against Sanchez and Latinos

1

Multiservices, Inc. ("LMI"). ECF No. 1. Servicios Latinos, Inc. is a business that provides various services to Spanish-speaking individuals. Defendants Gomez and Fontalvo were employees of Servicios who signed Non-Compete and Non-Solicitations agreements as a condition of their employment. Servicios alleges Gomez and Fontalvo stole client information and confidential business information, and directly competed with Servicios while employed and by opening a competitor business. On April 30, 2024, Defendants filed a Motion to Dismiss the Complaint on the basis of lack of personal jurisdiction. ECF Nos. 17. 18. On November 16, 2024, he Court denied Defendant's Motion. ECF No. 33.

On July 18, 2024, Gomez filed a Charge of Discrimination with the EEOC. Resp. Opp'n at 3. The Charge stated that the alleged discrimination occurred between November 26, 2018 and October 20, 2023. ECF No. 63-1. On June 17, 2025, the EEOC issued a Determination of Charge and Right to Sue Letter. *Id.*

On August 26, 2025, Gomez filed this Third Amended Counterclaim against Servicios. ECF Nos. 56, 57. Gomez brings two claims against Servicios. *Id.* Count I alleges Servicios violated the Fair Labor Standards Act ("FLSA"). *Id.* Count II alleges Servicios violated Title VII by discriminating against him and creating a hostile work environment based on his sex. *Id.*[1]

On September 3, 2025, Servicios filed a Motion to Dismiss Count II of the Third Amended Counterclaim for failure to exhaust administrative remedies. ECF Nos. 59, 60. Gomez filed an Opposition to the Motion to Dismiss on September 17, 2025. ECF No. 63. On September 23, 2025, Servicios filed a Reply. ECF No. 64.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to

---

[1] Because the instant Motion advances only an exhaustion of administrative remedies challenge, the Court need not outline the facts that would underlie an analysis of the merits of the Title VII claim.

2

state a claim upon which relief can be granted. Considering a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. DISCUSSION

Although Gomez asserts two counts against Servicios, Servicios challenges only Count II of Gomez's Counterclaim. ECF No. 56-1; Mem. Supp. at 5. Servicios argues Gomez's Title VII discrimination claim should be dismissed based on failure to exhaust administrative remedies. *Id.* Specifically, Servicios notes that Gomez filed his EEOC Charge 276 days after the last date of discrimination indicated on the Charge, exceeding the 180-day EEOC filing deadline. ECF No. 63-1; Mem. Supp. at 7.

The central dispute the Court must resolve is whether Gomez's Title VII discrimination charge should have been filed within the 180-day EEOC requirement, or whether the EEOC and Virginia Office of Civil Rights's ("VOCR") worksharing relationship provided him with an automatic 300-day filing deadline. Mem. Supp. at 4-5; Resp. Opp'n at 8-9.

The issue presented raises a fact intensive inquiry. Among a potpourri of case law in this District on the issue, the Court finds *Meyer* and *Sales* instructive on the present issue. *Meyer v. Bell Atl. Network Servs., Inc.*, 57 F. Supp. 2d 303 (E.D. Va. 1999); *Sales v. Booz Allen & Hamilton, Inc.*, No. 1:23-CV-1621 (PTG/IDD), 2025 WL 242534 (E.D. Va. Jan. 16, 2025). In *Sales*, the court

3

found that, under 42 U.S.C. § 2000e-5(e)(1), the 300-day lookback period applies in deferral states only where "the person aggrieved has initially instituted proceedings with a State or local agency[.] Otherwise, a lookback period of 180 days applies." *Sales*, 2025 WL 242534 at n.4. Here, as in *Sales*, Gomez does not allege he dual-filed the Charge of Discrimination with the Virginia State analog agency. *Id.*; *see* Resp. Opp'n.

Gomez also raises the same argument Plaintiff raised in *Meyer*, namely that "the 300-day limitation period should apply whereas it was the 'fault' of the agency for not referring the charge to the State agency . . . ." *Meyer*, 57 F. Supp. at 308. In *Meyer*, the court rejected the plaintiff's argument, ruling that "the fault of failing to file with the State agency was that of the plaintiff, and not that of the EEOC." *Id.* The *Meyer* court specified that the Fourth Circuit's ruling in *Tinsley* merely *allowed* the EEOC as a federal agency to file on behalf of the individual complainant, which would trigger the 300-day lookback period. *Id.* (citing *Tinsley v. First Union Nat. Bank*, 155 F.3d 435 (4th Cir. 1998)). According to *Meyer*, *Tinsley*'s decision did not place the onus on the EEOC to file the complainant's charge with the State agency for them, nor did it "stand for the proposition that all individual claimants that live in deferral States are automatically extended the 300-day filing time limitation with the EEOC, regardless of whether or not the State agency is involved." *Meyer*, 57 F. Supp. at 308.

Finally, Gomez string-cites several cases to bolster his argument that the 300-day lookback period should automatically apply. Resp. Opp'n at 8-10. However, the Court notes that, in the relevant cases wherein the Court applied a 300-day lookback period, the EEOC transmitted the Charge to the appropriate State agency, the complainant made contact with the State agency about the Charge, or the initial EEOC Charge listed the State analog alongside the EEOC. *See Edelman v. Lynchburg Coll.*, 228 F.3d 503, 506 (4th Cir. 2000*); Johnson v. Portfolio Recovery Associates,*

*LLC*, 682 F. Supp. 2d 560, 584 (E.D. Va. 2009); *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796 (E.D. Va. 2007); *Jones v. Virginia Dep't of Soc. Servs.*, No. 1:18-cv-380, 2019 WL 13295852, at *1 (E.D. Va. Mar. 14, 2019); *Blair v. Colonnas Shipyard, Inc.*, 52 F. Supp. 2d 687, 697 (E.D. Va. 1999);[2] *Puryear v. Cnty. of Roanoke*, 214 F.3d 514 (4th Cir. 2000).[3] According to the allegations, Gomez's Charge was never forwarded to or received by the State agency; neither Gomez nor the EEOC made contact with the State agency at any point regarding the Charge; and Gomez did not list the VOCR as the State analog on his Charge. ECF No. 56; Resp. Opp'n.

Here, the Court finds that, although the EEOC *could have* filed Gomez's Charge of Discrimination with the VOCR, neither the EEOC nor Gomez in fact filed or referred the Charge with the VOCR. To trigger the 300-day lookback period and successfully exhaust the administrative remedy, there must be some indication that the State agency received or was contacted about the Charge in some way. *Sales*, 2025 WL 242534 at n.4. In this case, the Court finds no such indication. Accordingly, Gomez's Title VII claim must be dismissed at this stage.

## IV. CONCLUSION

For the foregoing reasons, Counterclaim Defendant's Motion to Dismiss (ECF No. 59) is **GRANTED.**

---

[2] Gomez mischaracterizes the *Blair* court's mention of *Meyer*. Resp. Opp'n. at 9. In fact, the *Blair* court distinguishes the facts of *Meyer* from the facts in front of the court in *Blair*. 52 F. Supp. 2d 687, 697 (E.D. Va. 1999), *aff'd*, 203 F.3d 819 (4th Cir. 2000) ("This Court need not pass on whether the *Meyer* decision correctly interpreted 42 U.S.C. § 2000e-5(e)(1) or whether *Meyer* alters or conflicts with this District's holdings in *Demuren, Bolt, Zakeri, supra*. Unlike the situation in *Meyer*, . . . .").

[3] Gomez also implores the Court to follow the Fourth Circuit's "binding" precedent on this issue as established in *Puryear v. Cnty. of Roanoke*, 214 F.3d 514 (4th Cir. 2000). However, Gomez misunderstands the Fourth Circuit's decision, which was made in light of the underlying procedural history outlined at the district court level. In *Puryear*, the EEOC transmitted Plaintiff's charge to the State agency. *Puryear v. Cnty. of Roanoke*, 71 F. Supp. 2d 551, 553 (W.D. Va. 1999), *aff'd*, 214 F.3d 514 (4th Cir. 2000). Subsequently, the State agency acknowledged the transmission and indicated its intention not to initially investigate the charge. *Id.* The *Puryear* district court certified the decision for interlocutory appeal and, again, the Fourth Circuit affirmed exhaustion of administrative remedies and a 300-day lookback period for a Charge that was, in fact, received by the State agency. Here, Gomez's Charge was not received by the State agency.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
January 26, 2026

Raymond A. Jackson
United States District Judge